IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

        v.                        NO. 6:09cr60006-RTD-3

DARREN E. MCKIM                                             DEFENDANT

### SENTENCING MEMORANDUM

On December 8, 2009, this Court held a sentencing hearing in the above-captioned matter.  Specifically addressed was whether the two-level vulnerable victim enhancement at U.S.S.G. § 3A1.1(b)(1) applies in this case and whether a variance should be granted under 18 U.S.C. § 3553(a).  For reasons that follow, the Court holds that § 3A1.1(b)(1) should be applied to properly compute the guideline range for Defendant's sentence and that a downward variance is appropriate.

## I.   Factual Findings

Based on the information before it, the Court finds as follows:

1. The victims in this case are LS and her three minor children.  LS is a white female and each of her children was fathered by an African American male.

2. In early June 2008, LS and her minor children moved from Arkadelphia, Arkansas to the nearby town of Donaldson.  The racial composition of Donaldson is almost exclusively Caucasian.

3.  In June 2008, LS's minor children were ages five years, nineteen months, and four months.

4.    On June 15, 2008, Defendant and others discussed that they did not want the victims living in Donaldson because they associated with "niggers."

5.    To threaten and intimidate LS and her children, Defendant assisted in the construction of a wooden cross.  Specifically, Defendant provided Jacob Wingo and Dustin Nix with a saw, a hammer, and nails.  Wingo and Nix constructed the cross in Defendant's presence.

6.    Defendant attempted to recruit another individual to assist in the construction of the cross.

7.    Defendant was not present when Defendants Wingo, Nix, and Morrison took the cross to the victims' home on June 21, 2008.

## III.  Analysis

### 1. Vulnerable Victim

In determining the vulnerability of a victim, the court must find that the defendant knew or should have known that the victim of his or her crime was "unusually vulnerable due to age, physical or mental condition, or . . . otherwise particularly susceptible to the criminal conduct."  U.S.S.G. § 3A1.1(b)(1) & n.2.  The court cannot make a blanket assumption about the applicability of the enhancement based strictly on a particular characteristic of the victim.  *United States v. Anderson*, 440 F.3d 1013, 1018 (8th Cir. 2006) (holding U.S.S.G. § 3A1.1(b)(1) did not automatically apply based on advanced age of victim).  Rather, the Government must

demonstrate the predicate facts supporting the enhancement by a preponderance of the evidence. *United States v. Myers*, 481 F.3d 1107, 1110 (8th Cir. 2007). In sum, application of the enhancement requires a fact-based explanation of how the characteristic in question made the victim "unusually vulnerable," and why the defendant knew or should have known of this vulnerability. *United States v. Vega-Iturrino*, 565 F.3d 430, 434 (8th Cir. 2009).

The Court finds that at the time of the crimes, LS's children were ages five years, nineteen months, and four months. The crimes took place at the home of these victims, and based on their ages, the minor victims completely lacked the capacity to either prevent or defend against the violation of their rights by Defendant. *United States v. Pospisil*, 186 F.3d 1023, 1030 (8th Cir. 1999) (affirming application of § 3A1.1(b)(1) in cross burning case where victims–a mother and her children–were new in town and children were young in age). Further, based on the presence of her three young children at her home at the time of the offense conduct, LS had little ability to either prevent or defend against the violation of her civil rights. Defendant's conduct basically forced LS to choose between being the victim of Defendant's conduct or potentially placing her children at risk by attempting to resist. *United States v. Plenty*, 335 F.3d 732, 735 (8th Cir. 2003) (affirming application of § 3A1.1(b)(1) where victim was asleep at time of assault, could not contact law enforcement, and could not

flee or move her children away from the crime).  Finally, at the time of the offense conduct, LS and her children had been residents of the small town of Donaldson for only a few weeks.  Based on this fact, they were vulnerable due to their lack of a connection to the community.  In other words, the victims lacked the sort of support network that could have served to mitigate the effects of Defendant's conduct and thereby render them less vulnerable. *Pospisil*, 186 F.3d at 1030.  Thus, LS and her children were both "unusually vulnerable" and "particularly susceptible to the criminal conduct."  U.S.S.G. § 3A1.1(b)(1).

The Court must now determine whether Defendant knew or should have known of the vulnerability of LS and her children. *Vega-Iturrino,* 565 F.3d at 434.  The facts before the Court show that the catalyst for Defendant's conduct was the relocation of LS and her three young children from Arkadelphia to Donaldson. Particularly, Defendant did not want these individuals to reside in his predominately white town because they associated with African Americans.  Based on these facts, Defendant necessarily knew about LS's children and either knew or should have known of their young ages.  Further, Defendant necessarily knew LS and her children were new residents of Donaldson.  Thus, Defendant knew or should have known of the vulnerability of LS and her young children.

### 2. 18 U.S.C. § 3553(a)

The Federal Sentencing Guidelines are advisory in nature.

*Kimbrough v. United States*, 552 U.S. 85, 101 (2007).   After determining the guideline range, the district court should address the statutory sentencing factors at 18 U.S.C. § 3553(a).   *Gall v. United States*, 552 U.S. 38, 49-50 (2007).   A challenge to the reasonableness of a sentence imposed by the district court is reviewed for abuse of discretion.   *United States v. Price*, 542 F.3d 617, 622 (8th Cir. 2008).   For the reasons that follow, the Court will vary downward from the Sentencing Guidelines.

District courts have an institutional advantage over other courts in determining the appropriateness of a sentence based on the facts of a particular case and the application of the sentencing factors at 18 U.S.C. § 3553(a).   *United States v. Bueno*, 549 F.3d 1176, 1182 (8th Cir. 2008).   Pursuant to § 3553(a)(1), a district court may consider "the nature and circumstances of the offense and the history and characteristics of the defendant . . ." when fashioning an appropriate sentence.   The  facts before the Court show that Defendant provided a hammer, some nails, and wood to Defendants Wingo and Nix so that Wingo and Nix could construct a cross.   While he was present during construction, he did not participate in the process.   Further, while there is indication that Defendant traveled to the victims' home on June 15, 2008, in order to verbally taunt them, he did not participate in either transporting the cross to, or erecting the cross on, the victims' property on June 21, 2008.   The fact that Defendant's involvement

in the offense conduct ceased on June 15, 2008, mitigates his culpability in the instant offense.

The Court further notes that Defendant, a thirty-eight year old male, has no criminal history.  He has had no infractions while on bond.  Since the offense conduct, Defendant has taken steps, including enrollment in an alcohol-abuse treatment program and an anger management class, to improve himself.  These actions will make him a better husband to his wife and father to his children.  In short, Defendant's characteristics indicate that he will be a law-abiding and productive citizen upon release from prison.

Section 3553(a) further states that a court should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."  18 U.S.C. § 3553(a)(6).  Defendant has four co-defendants in this case: Defendant Wingo received a twenty-four (24) month term of imprisonment; Defendant Morrison received a fifteen (15) month term of imprisonment; and Defendants Nix and Robbins each received one (1) year and one (1) day in prison.  When Defendant's culpability is evaluated in reference to the culpability of his Co-Defendants, the Court finds that a variance will prevent an unwarranted sentencing disparity.

Based on the previous, the Court will vary downward and sentence Defendant to an eighteen (18) month term of imprisonment.  This variance will "afford adequate deterrence to criminal conduct

. . . ."  18 U.S.C. § 3553(a)(2)(B).

## IV.  Conclusion

Children have an absolute right not to be intimidated, coerced, threatened, or scared because of their race or the race of their parents.  The Court acknowledges that Defendant may have intended to create fear only on the part of LS.  However, the effects of Defendant's conduct may last the lifetime of each of his victims, even if some of those victims come to know of and fully understand Defendant's conduct in later years.

The Court holds that U.S.S.G. § 3A1.1(b)(1) should be applied when computing Defendant's offense level.  As a result, his total offense level is sixteen (16).  Based on Defendant's criminal history category of I, the sentencing guidelines recommend a term of imprisonment for 21-27 months, a fine in the range of $5,000-$50,000, a term of supervised release for 2-3 years, and a mandatory special assessment of $100 per count.  Upon consideration of the sentencing factors at 18 U.S.C. § 3553(a), the Court hereby sentences Defendant to a term of imprisonment for eighteen (18) months, a three (3) year term of supervised release, a fine of $5,000, and a special assessment of $200.

IT IS SO ORDERED this 8th day of December 2009.

/s/ *Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge